Rick A. Cigel, Esq. (SBN 105424)
THE CIGEL LAW GROUP, P.C.
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Tel: (424) 901-8513
Fax:  (424) 901-8514

Attorneys for Defendant DOE 1

FILED
CLERK. U.S. DISTRICT COURT

SEP 2 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV13-07003 - JFW (MANx)**

| | |
|---|---|
| HARMEET K. DHILLON, an individual,<br><br>                 Plaintiff,<br><br>   vs.<br><br>DOE 1, an unknown individual, and DOES 2 through 10,<br><br>                 Defendants. | **DECLARATION OF RICK A. CIGEL IN SUPPORT OF MOTION BY DEFENDANT DOE 1 TO QUASH SUBPOENA ISSUED IN CENTRAL DISTRICT OF CALIFORNIA TO NEW DREAM NETWORK, LLC**<br><br>[Concurrently filed with Defendant Doe 1 Motion to Quash Subpoena Issued In Central District of California to New Dream Network, LLC]<br><br>(Action pending in the Northern District of California: Case No.13-cv-01465-JCS) |

- 0 -
DECLARATION OF RICK A. CIGEL

## DECLARATION OF RICK A. CIGEL

I, Rick A. Cigel, declare and state as follows:

1.     I am an attorney at law duly licensed to practice before all the courts in the State of California. I am licensed to practice in the United States District Court for the Central District of California.

2.     I am the principal at The Cigel Law Group, P.C., counsel for Defendant Doe 1.  Doe 1 is an unnamed and unserved defendant and files this motion under his or her fictitious name in order to preserve anonymity. I have personal knowledge of the matters set forth below, and if called upon to do so, I could and would testify competently thereto.

3.     Attached hereto as Exhibit "A" is a true and correct copy of the inaugural article written about Charles Munger, Jr. on the website www.mungergames.net.

4.     The website has a graphic above every article that will not print through a normal print command.  The graphic says "THE MUNGER GAMES" in large and bold type, and has the motto "WASTING HIS PATRIMONY" in quotation marks immediately below.  To the left of the text is an image of a bow tie made out of a hundred dollar bill, which is a satirical reference to the fact that Munger frequently wears bow ties.  In order to show the graphic, we printed a "screen shot" of the website and attach it hereto as Exhibit "B".

5.     The website www.votesmart.org contains reports on politician's campaign finances.  On September 20, 2013, I conducted a search of campaign finances for plaintiff Harmeet K. Dhillon.  Attached hereto as Exhibit "C" is a true and correct copy of the results of that search.  As shown on the second page, her top contributor was Charles Thomas Munger, Jr., who donated $7,500.00.

6.     Attached hereto as Exhibit "D" is a true and correct copy of the February 12, 2013 blog post from the website mungergames.net, containing the

article entitled "Meet Harmeet". On the website, the article has the same logo shown in Exhibit "B". The original posting of the article contained the headshot photograph of Dhillon directly below the headline "Meet Harmeet". The photograph has been removed. In place of the photograph, the article now has the words "Harmeet Dhillon" and "*Harmeet Dhillon*".

7. Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's Complaint against Doe 1 and other Doe defendants, filed in the Northern District of California on April 2, 2013, Case No. C 13 1465.

8. Attached hereto as Exhibit "F" is a true and correct copy of the Subpoena issued on April 11, 2013 in the Northern District of California, which attaches the Amended Order Granting Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior To A Rule 26(f) Conference from the same court dated April 9, 2013 (Doc. 8).

9. Attached hereto as Exhibit "G" is a true and correct copy of the "Order Denying Administrative Motion For Order Compelling Compliance With Subpoena", issued by the Northern District of California on July 21, 2013 as Doc. 19.

10. In response to the court's order denying the administrative motion, Dhillon had a subpoena issued on July 22, 2013 in the Central District of California. The subpoena attached the Amended Order Granting Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior To A Rule 26(f) Conference from the Northern District of California dated April 9, 2013 (Doc. 8). A true and correct copy of the subpoena is attached hereto as Exhibit "H".

11. Attached hereto as Exhibit "I" is a true and correct copy of an Administrative Motion For Leave To Take Limited Discovery On Google, Inc. Prior To A Rule 26(f) Conference that Dhillon filed in the Northern District of California on August 26, 2013 as Document 24.

12. Attached hereto as Exhibit "J" is a true and correct copy of Dhillon's proposed order on her Administrative Motion For Leave To Take Limited Discovery On Google, Inc. Prior To A Rule 26(f) Conference.

13. Attached hereto as Exhibit "K" is a true and correct copy of a July 18, 2013 letter from Joel Voelske, counsel for New Dream Network, LLC, to Harold Smith of Smith and Dhillon, LLP, counsel for Dhillon.

14. Attached hereto as Exhibit "L" is a true and correct copy of a July 19, 2013 response letter from Krista Shoquist of Dhillon and Smith, LLP to Mr. Voelske.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 20, 2013 at Los Angeles, California.

_____

Rick A. Cigel

# EXHIBIT A

# Welcome To The Munger Games!



*Charles Munger, Jr.*

How much damage can one man do to a political party?

In the case of Charles Munger, Jr. and the California Republican Party, the answer is: a lot.

Welcome to The Munger Games, the purpose of which is to inform, education and entertain on the subject of the one-man maelstrom of money intent on re-making California Republicanism in his bow-tied image.

Munger burst into California Republican politics a few short years ago, and the has left a trail of political debris in his wake:

- Prop. 14, which created the top-two primary system that pits Republicans against Republicans in the general election.

- Prop. 20, which gave us the Citizens Redistricting Commission that was expertly gamed by the Democrats to the detriment of Republicans.

- A divisive effort to reduce the CRP platform to mush.

- Enormous expenditures to defeat the already dwindling number of GOP Assembly incumbents.

That's just the top-line scan of the damage Munger has and will inflict. There are weirder tales still to tell.

Who is Charles Munger, Jr.? What makes him tick? What has he done? What will he do?

**Share this:**

Exhibit A - Page 1

This entry was posted in California Republican Party, Charles Munger, Intra-party mayhem, Redistricting, Top-Two Primary on January 30, 2013 [http://www.mungergames.net/?p=7] .

Exhibit A - Page 2

# EXHIBIT B

HOME



# THE MUNGER GAMES

### *"WASTING HIS PATRIMONY"*

## Welcome To The Munger Games!

Leave a reply



*Charles Munger, Jr.*

How much damage can one man do to a political party?

In the case of Charles Munger, Jr. and the California Republican Party, the answer is: a lot.

Welcome to The Munger Games, the purpose of which is to inform, education and entertain on the subject of the one-man maelstrom of money intent on re-making California Republicanism in his bow-tied image.

Munger burst into California Republican politics a few short years ago, and the has left a trail of political debris in his wake:

- Prop. 14, which created the top-two primary system that pits Republicans against Republicans in the general election.

- Prop. 20, which gave us the Citizens Redistricting Commission that was expertly gamed by the Democrats to the detriment of Republicans.

- A divisive effort to reduce the CRP platform to mush.

- Enormous expenditures to defeat the already dwindling number of GOP Assembly incumbents.

That's just the top-line scan of the damage Munger has and will inflict. There are weirder tales still to tell.

### RECENT POSTS

CRA President John Briscoe Misses The Point While Emulating Left-Wing Tactics

From Our Readers: "Munger Envisions A World Where People Do Not Run As Republicans"

From Our Readers: "This Lawsuit Appears Aimed At Suppressing The Political Speech of the Authors"

Harmeet Dhillon: Use Her Photo, Get Sued, Bring Sword To Movies, She'll Be Your Lawyer

Harmeet's Free-Speech Hypocrisy

### RECENT COMMENTS

Bob Richmond on CRA President John Briscoe Misses The Point While Emulating Left-Wing Tactics

From Our Readers: "Munger Envisions A World Where People Do Not Run As Republicans" | The Munger Games on Munger's 2013 Contributions to County GOPs Pass the $1 Million Mark

From Our Readers: "This Lawsuit Appears Aimed At Suppressing The Political Speech of the Authors" | The Munger Games on Munger Proxy/Attorney & CRP Vice Chair Harmeet Dhillon Sues the Munger Games

**Exhibit B Page 1**

# EXHIBIT C

# Project Vote Smart (http://votesmart.org/)

**Return to search results** (/search?q=harmeet dhillon)

## Harmeet K. Dhillon

### Harmeet Dhillon's Campaign Finances



(//votesmart.org/canphoto/104348_lg.jpg)

**Full Name:** Harmeet K. Dhillon

**Gender:** Female

**Birth Date:** 10/06/1968

**Birth Place:** Punjab, India

**See Full Biographical and Contact Information** (/candidate/biography/104348/harmeet-dhillon)

### Summary

| | |
|---|---|
| In-State | $31,708.00 |
| Out-Of-State | $11,151.00 |
| Unknown State | $1,067.00 |
| Party Committee | $0.00 |
| Leadership Committee | $0.00 |
| Personal Funds | $4,571.00 |
| Individual Contributions | $33,403.00 |
| Unitemized | $577.00 |
| Public Funding | $0.00 |
| Non-Contribution | $390.00 |
| Institutions and Companies | $4,986.00 |
| Total Contributions | 87 |
| **Total** | **$43,926.00** |

Cycle: 2012

**Data provided by FollowTheMoney.org** (http://www.followthemoney.org/database/StateGlance

Exhibit C- Page 1

Harmeet Dhillon's Campaign Finances - Project Vote Smart   http://votesmart.org/candidate/campaign-finance/104348/harmeet-dhillon

/candidate.phtml?c=147478)

| Top Sectors | | Top Industries | | One Common Ground, Philipsburg, MT 59858 Hotline: |
|---|---|---|---|---|
| Uncoded | $22,304.00 | Uncoded | $22,304.00 | |
| Government Agencies/Education/Other | $7,500.00 | Education | $7,500.00 | |
| Lawyers & Lobbyists | $4,701.00 | Lawyers & Lobbyists | $4,701.00 | |
| Candidate Contributions | $4,571.00 | Candidate Self-finance | $4,571.00 | |
| Finance, Insurance & Real Estate | $2,500.00 | Insurance | $1,250.00 | |
| Ideology/Single Issue | $1,184.00 | Real Estate | $1,250.00 | |
| Unitemized Contributions | $577.00 | Conservative Policy Organization | $1,184.00 | |
| Non-Contributions | $390.00 | Unitemized Contributions | $577.00 | |
| Communications & Electronics | $200.00 | Non-Contribution | $390.00 | |
| | | Computer Equipment & Services | $200.00 | |

888-Vote-Smart (888-868-3762)

All content © 1992 - 2013 Project Vote Smart **unless otherwise attributed (/copyright)** - **Privacy Policy (/about/privacy)** - Legislative demographic data provided by **Aristotle International, Inc. (http://www.aristotle.com/) Mobile Version (?flavour=mobile&utm_source=votesmart& utm_medium=mobile-link&utm_campaign=flavourswitch)**

**Top Contributors**

| | |
|---|---|
| MUNGER JR, CHARLES THOMAS | $7,500.00 |
| DHILLON, HARMEET | $4,571.00 |
| DHILLON, PARMINDER | $3,900.00 |
| PETER, LAURA | $2,500.00 |
| SINGH, TEJINDER | $2,000.00 |
| THANGARAJ, PREETHA | $1,250.00 |
| AHLUWALIA, SATWANT | $1,000.00 |
| INVENTUS LAW INC | $1,000.00 |
| MOORE, CHARLES | $1,000.00 |
| DANG, KULMEET SINGH | $1,000.00 |
| LINCOLN CLUB OF NORTHERN CALIFORNIA | $1,000.00 |
| IRON SYSTEMS INC | $1,000.00 |
| SHERGILL LAW FIRM | $501.00 |
| LAW OFFICES OF BHALLA & CHO LLC | $500.00 |
| TOBIASON, JENNIFER | $500.00 |
| SHOQUIST, DEBORA | $500.00 |
| SINGH, MEETPAUL | $500.00 |
| BOWEN, WILLIAM | $500.00 |
| HUGHES, CHRISTINE | $500.00 |
| TEREE, DANIEL | $500.00 |
| SALUJA MEDICAL ASSOC PA | $500.00 |
| TOGNAZZINI, DONN | $500.00 |
| ABDULMASSIH, TONY | $500.00 |

Exhibit C- Page 2

| | |
|---|---|
| DHILLON, HARPAL | $500.00 |
| BHASIN, MANMEET | $300.00 |
| GHARAKHANIAN, ANDRE | $300.00 |
| BHALLA, AMARDEEP | $250.00 |
| ROSSETTI, LISA | $250.00 |
| BHATT, MANOJ | $250.00 |
| GAUBA, POOJA | $250.00 |
| BUHLER, LUIS PALTENGHE | $250.00 |
| MUNOZ, CALISE | $250.00 |
| BALI, TANUJA | $250.00 |
| SANDHU, SAWTANTER | $250.00 |
| ADVANI, MUKESH | $250.00 |
| SINGH, HARJINDER | $250.00 |
| BAJWA, PRABHJOT | $250.00 |
| DHILLON, SADEV | $250.00 |
| SHARMA, DEVENDRA | $250.00 |
| CABERWAL, DALJIT S | $250.00 |
| MUNDY, DARSHAN S | $250.00 |
| SAWHNEY, GURJIT | $200.00 |
| REKHI, KANWAL | $200.00 |
| GOEL, RASMI | $200.00 |
| WHALEY, SHANE | $200.00 |
| GAGNON, CHARLES | $200.00 |
| BHASIN, BALJEET | $200.00 |
| CALIFORNIA TRAILBLAZERS | $184.00 |
| BEDI, SUNDEEP | $150.00 |
| OHARA, RITA | $150.00 |
| DHILLON, MANPREET | $150.00 |
| STORELLA, JOHN | $150.00 |
| AASRA SOLUTIONS & TECHNOLOGIES | $101.00 |
| MALHI, MEETA | $101.00 |
| MEGHANI, MIHIR | $101.00 |
| GURCHARAN, KANWAL | $101.00 |
| DHILLON, RENNU | $100.00 |
| MALLEY, GREGORY | $100.00 |
| WALHA, GURMUKH | $100.00 |
| GULERIA, SHER SINGH | $100.00 |
| MOYER, THOMAS | $100.00 |

Exhibit C- Page 3

| | |
|---|---|
| WILDER, DEBORAH | $100.00 |
| KAUR, RAJVINDER | $100.00 |
| PATEL, USH | $100.00 |
| STEVES APPLIANCE REPAIR | $100.00 |
| KRVARIC, TONY | $100.00 |
| FOWLER, PETER | $100.00 |
| VUKSICH, ALEXANDRA | $100.00 |
| JUDGE, VERINDER | $100.00 |
| BEDI, HARMOHAN | $100.00 |
| KIACHKO, DAVID | $100.00 |
| POOLE, EDWARD G | $100.00 |
| BHUTANI, KAWALJIT | $100.00 |
| WAVERLY HEMATOLOGY ONCOLOGY | $100.00 |
| SINGH, DARSHAN | $100.00 |
| ANTHOOR, SWAPNA | $100.00 |
| CHADHA, HARPREET | $100.00 |
| NASKAR, ALOKA | $100.00 |
| SINGH, NAGINDER | $100.00 |
| BEDHI, HARMOHAN | $100.00 |
| KHOSA, GURJANT | $100.00 |

**Exhibit C- Page 4**

# EXHIBIT D

Case 2:13-cv-07003-JFW-MAN   Document 2   Filed 09/20/13   Page 16 of 74   Page ID #:82

# Meet Harmeet

Harmeet Dhillon

*Harmeet Dhillon*

We have asked the question, "Who is Charles Munger, Jr.?"

Although we haven't finished answering it, we also need to ask ourselves, "What does he want?"

To begin with, he wants to control and re-shape the California Republican Party, and the way he is going about it right now is by supporting Harmeet Dhillon for CRP Vice Chairman. Dhillon is the chair of the San Francisco Republican Party.

It will take more than one blog post to paint a complete picture of Harmeet Dhillon, but we can start with her deep, active involvement with the American Civil Liberties Union.

Yes, that ACLU.

In late 2002, Dhillon was running for the Board of Directors of the ACLU of Northern California. Here is her candidate statement, as it appeared in the November-December 2002 edition of *"ACLU News"*:

*"I am deeply honored to have been nominated as a candidate for the Board of Directors. I am an attorney in Palo Alto, where I practice complex commercial litigation. Both my career as a lawyer and my former career as a journalist have impressed upon me the crucial importance of the First Amendment to our democracy. Throughout my legal career I have performed pro bono legal services for victims of human rights and civil rights violations, domestic abuse and employment Discrimination, and have been recognized for my work on behalf of the Lawyers' Committee for Human Rights and the Network for Women's Services. I am committed to the values championed by the ACLU-NC."*

The same newsletter gives some alarming examples of the ACLU values to which Dhillon vows she is committed. The italicized sections are taken directly from the ACU newsletter.

**Removing "Under God" from the Pledge of Allegiance**
*In striking down the McCarthy-era law that rewrote the Pledge of Allegiance to insert the words "under God," Newdow v. United States Congress, the Ninth Circuit breathed life into the Pledge's stirring ideal of a country "with liberty and justice for all." The decision secured liberty for children of*

**Exhibit D - Page 1**

minority faiths who have quietly been denied religious freedom for nearly 50 years, when pressured in public school to pledge allegiance to a God they do not worship.

### Opposition to Anti-Pornography Filters on Public Library Computers

"As the Children's Internet Protection Act (CIPA) went into effect this September, activists and students around the nation criticized the new law as "closing the door to knowledge." CIPA requires public schools and libraries to block Internet access to materials deemed "harmful to minors" in order to receive certain federal funds.

"A fundamental goal of the Internet is to open the door to knowledge, but internet blocking software slams this door," ACLU-NC staff attorney Ann Brick told reporters.

### Support of Drivers Licenses For Illegal Immigrants...Without Criminal Background Checks)

In an election year, Gov. Davis needs the support of immigrant communities. Nevertheless, the Governor vetoed AB 60 (Cedillo-D), a crucial bill that would have allowed immigrants in the process of applying for legal status to receive a driver's license. A companion bill SB 804 (Polanco-D), which included provisions requiring that applicants give a digital thumbprint, undergo a criminal background check, and submit proof of employment in California, was also returned unsigned.

The ACLU and immigrants' rights groups strongly opposed the background check provisions demanded by Gov. Davis and included in SB804, because they are unrelated to a person's ability to drive, do not address public safety concerns, and discriminate against immigrants.

### Educating School Children on LGBT Issues

Focusing on schools, [Matt] Coles [director of the national ACLU Lesbian & Gay Rights and AIDS Project] explained, is important for two reasons: LGBT students are extremely vulnerable, and we can achieve great progress by educating youth about LGBT rights. He explained that school officials know they cannot discriminate openly against lesbian and gay student groups, so they are now setting up bureaucratic obstacles to the recognition of such clubs. The Projects are actively helping courageous students across the country deal with these obstacles.

### Redefining Family

In the past, Coles said, opponents of gay and lesbian equality have used the issue of "family" to attack gay people. More recently, however, public opinion is changing. That change is due in part to the ACLU's public education campaign based on a Florida case in which the Projects are representing two gay foster parents fighting to keep their family of seven intact in spite of efforts by the state to get a heterosexual family to adopt the children. In part because the case involves HIV-positive children and attracted the celebrity support of Rosie O'Donnell, it has dramatically changed Americans' perceptions of lesbian and gay men and their families.

Exhibit D - Page 2

*The Project's work, like the ACLU's efforts in general, is grounded in the belief that government must follow the rule of law, said Coles. He expressed dismay about how the federal government is flouting the rule of law, whether in its pursuit of the "war on terrorism," military action in Iraq, or the denial of lesbian and gay equality.*

"Under God" in the Pledge of Allegiance oppresses children? Giving drivers licenses to people here illegal without even a background check to exclude criminal aliens? Opposing anti-porn filters in libraries? Injecting LGBT advocacy groups' talking points into public schools?

And believe it or not, there's more. We'll bring that to you tomorrow.

These are the values to which Harmeet Dhillon pledged her commitment in 2002. And this is the individual Charles Munger, Jr. wants to elect as a leader and spokesperson for the California Republican Party.

The question California Republican activists, leaders and elected officials need to ask themselves is whether these are the values of Republican Party? How much will we compromise ourselves by following the prescriptions of Dr. Munger in the vain hope of "broadening our appeal"?

Share this:

This entry was posted in California Republican Party, Charles Munger, Harmeet Dhillon, Principles on February 12, 2013 [http://www.mungergames.net/?p=41] .

## 2 thoughts on "Meet Harmeet"

Pingback: Meet Harmeet, Part 2 | The Munger Games

Pingback: Munger Proxy/Attorney Harmeet Dhillon Sues the Munger Games | The Munger Games

**Exhibit D - Page 3**

# EXHIBIT E

HAROLD P. SMITH, ESQ. (SBN: 126985)
hpsmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
PRIYA BRANDES, ESQ. (SBN: 286714)
pbrandes@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

**FILED**

APR 02 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON, an individual, | Case Number: **C 13 1465** **JCS** |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, 17 U.S.C. §§101 et seq.** |
| v. | |
| DOE 1, an unknown individual, and DOES 2 through 10, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Harmeet K. Dhillon ("Ms. Dhillon"), by and through her attorneys, Dhillon & Smith LLP, files this action against Defendants Doe 1 and Does 2 through 10 (collectively, "Defendants") for copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 et seq., and alleges as follows:

Complaint                                              **DHILLON & SMITH LLP**

-1-

Exhibit E - Page 1

## PARTIES

1.    Plaintiff Harmeet K. Dhillon ("Ms. Dhillon" or "Plaintiff") is an individual residing in San Francisco, California.

2.    Defendant Doe 1 is an individual who has anonymously published an article entitled "Meet Harmeet" to the website www.mungergames.net ("MungerGames.net"). The true name, residence and capacity of Doe 1, whether individual, corporate or otherwise, is unknown to Ms. Dhillon at this time. Ms. Dhillon therefore sues Doe 1 by such fictitious name. Ms. Dhillon will amend this Complaint to state the true name and identity of Doe 1 when the same have been ascertained, together with the appropriate charges and allegations.

3.    The true names, residences and capacities, whether individual, corporate or otherwise, of Defendants named herein as Does 2 through 10, inclusive, are unknown to Ms. Dhillon at this time. Ms. Dhillon therefore sues Does 2 through 10 by such fictitious names. Ms. Dhillon will amend this Complaint to state the true names and capacities of those unknown defendants when the same have been ascertained, together with the appropriate charges and allegations. Ms. Dhillon is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Ms. Dhillon's damages as herein alleged were directly and proximately caused by these Defendants' acts or failures to act. Ms. Dhillon is informed and believes, and on that basis alleges, that at all times herein mentioned, each Defendant was the agent and the employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of that agency.

## JURISDICTION AND VENUE

4.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.

Complaint                                                    DHILLON & SMITH LLP

-2-

5.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). A substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, each Defendant and/or their respective agent(s) reside or may be found in this district and are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7.    Pursuant to Civil Local Rule 3-2(d), this case should be assigned to the San Francisco division of this Court because a substantial part of the events or omissions which give rise to the claims alleged herein arose in this district.

## FACTUAL ALLEGATIONS

8.    Ms. Dhillon is a civil litigation attorney practicing in San Francisco, California, and the founding partner of Dhillon & Smith LLP. Ms. Dhillon campaigned for the position of Member of the California State Assembly, District 13, in 2008, and for the position of Member of the California State Senate, District 11, in 2012.

9.    Ms. Dhillon is also an active member of the California Republican Party ("CAGOP") and has successfully campaigned for elected offices within that party. Ms. Dhillon currently serves as the Vice Chairman of CAGOP for the 2013-2015 term, and is the Chairman of the San Francisco Republican Party.

10.    Ms. Dhillon frequently commissions photography in connection with her political participation, law practice, and campaign activities.

11.    In March 2008, Ms. Dhillon commissioned a photographer by the name of Colin Hussey ("Mr. Hussey") to take numerous photographs of Ms. Dhillon in connection with her candidacy for Member of the State Assembly, District 13. Pursuant

Complaint

**DHILLON & SMITH LLP**

-3-

Exhibit E - Page 3

to the commission, Mr. Hussey took photographs of Ms. Dhillon, which are collectively referred to as the "2008 Photographs."

12. Included in the 2008 Photographs was a full-length photograph of Ms. Dhillon sitting in Union Square, San Francisco, as well as a cropped and edited version of that photograph consisting of a headshot with a gray background ("Headshot Photograph").

13. Following the 2008 campaign, the intellectual property rights to the 2008 Photographs, including the Headshot Photograph, were assigned to Ms. Dhillon personally. Mr. Hussey and Ms. Dhillon entered into a Copyright Assignment Agreement ("Agreement") to transfer to Ms. Dhillon all rights, title and interest in and to the 2008 Photographs, including all copyrights. Ms. Dhillon is currently the sole owner of the copyrights for the 2008 Photographs.

14. Ms. Dhillon has used the 2008 Photographs, including the Headshot Photograph, in connection with her campaign for Member of the State Assembly, beginning in or around June 2008, as well as in connection with her subsequent campaigns, political activities, and various professional marketing efforts.

15. On or about February 12, 2013, Doe 1 anonymously published on MungerGames.net an article entitled "Meet Harmeet," which featured the Headshot Photograph at the top of the article. Doe 1 published the Headshot Photograph without first notifying, obtaining authorization from, or obtaining a license from Ms. Dhillon.

16. Upon information and belief, Does 2 through 10 assisted Doe 1 and/or acted as Doe 1's agent in committing the infringing conduct.

17. Ms. Dhillon has registered the Headshot Photograph with the U.S. Copyright Office. The U.S. Copyright Office received Ms. Dhillon's complete application on February 21, 2013.

Complaint

**DHILLON & SMITH LLP**

Exhibit E - Page 4

## FIRST CAUSE OF ACTION
### Copyright Infringement
### 17 U.S.C. §101 *et seq.*
### (Against all Defendants)

18.     Ms. Dhillon incorporates every allegation contained in paragraphs 1 through 17 above, as though set forth fully herein.

19.     Ms. Dhillon commissioned the Headshot Photograph at considerable expense, and is responsible for its creation, development, and production. Ms. Dhillon owns the exclusive and valid copyright to the Headshot Photograph. Ms. Dhillon has used the Headshot Photograph in connection with her political activities, campaigns and various professional marketing efforts, beginning in 2008 and continuing to present.

20.     Defendants, without Ms. Dhillon's consent or permission, and without authority or a valid license, i) made, have caused to be made, and/or have purported to authorize the making of copies of the Headshot Photograph, in its entirety; and ii) distributed the copied work through Mungergames.net.

21.     Defendants' acts of infringement were intentional, purposeful, willful, and in disregard of Ms. Dhillon's rights.

22.     Pursuant to 17 U.S.C. §504, Ms. Dhillon is entitled to recover the actual damages suffered by her as a result of Defendants' infringement, in the amount of $250, which represents the reasonable license fee to use the Headshot Photograph.

23.     Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe upon Ms. Dhillon's copyrighted material and will cause Ms. Dhillon significant and irreparable injury that cannot be fully compensated or measured in monetary terms. Ms. Dhillon has no adequate remedy at law. Pursuant to 17 U.S.C. §502, Ms. Dhillon is entitled to a permanent injunction requiring Defendants to employ reasonable methods to prevent infringement of Ms. Dhillon's copyrights.

---

Complaint                                             **DHILLON & SMITH LLP**

-5-

24. Pursuant to 17 U.S.C. §505, Ms. Dhillon is further entitled to recover her attorney's fees and costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Dhillon prays for judgment against Defendants as follows:

1. For actual damages to Ms. Dhillon in the amount of the value of a reasonable license fee to use the Headshot Photograph, pursuant to 17 U.S.C. §504;

2. For a preliminary and permanent injunction, pursuant to 17 U.S.C. §502, requiring that Defendants, their subsidiaries, parents and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, employees, and attorneys of those companies or individuals, and all others in active concert or participation with Defendants, cease directly or indirectly infringing, or causing, enabling, facilitating, promoting, encouraging, and inducing, or participating in the infringement of, any of Ms. Dhillon's rights protected under the Copyright Act, whether now in existence or hereafter created;

3. For recovery of attorney's fees and costs, pursuant to 17 U.S.C. § 505;

4. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Under Fed.R.Civ.P. 38(b), Plaintiff Ms. Dhillon demands jury trial of all issues raised by the Complaint.

Complaint

**DHILLON & SMITH LLP**

-6-

Exhibit E - Page 6

Date: April 1, 2013

DHILLON & SMITH LLP

By:

HAROLD P. SMITH
KRISTA L. SHOQUIST
PRIYA BRANDES
Attorneys for Plaintiff
Harmeet K. Dhillon

Complaint                                    DHILLON & SMITH LLP

-7-

# EXHIBIT F

4/11/13 BP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| Harmeet K. Dhillon | ) | |
| *Plaintiff* | ) | |
| vc | ) | Civil Action No.   13-cv-01465-JCS |
| DOE 1, an unknown individual, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New Dream Network, LLC, dba DreamHost, c/o CT Corporation System (CO168406), 818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the domain name "Mungergames.net," hosted by DreamHost, including the names, addresses, telephone numbers, and e-mail addresses of the owner(s) of the domain name "Mungergames.net." You are to comply with this subpoena pursuant to the terms set forth in the Amended Order attached hereto as Attachment A.

| Place:  Dhillon & Smith LLP | Date and Time: |
|---|---|
| 177 Post Street, Suite 700 San Francisco, CA 94108 | 06/21/2013 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/11/2013

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff Harmeet K. Dhillon
_____ , who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, DHILLON & SMITH LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email: kshoquist@dhillonsmith.com; Tel: 415-433-1700.

# Attachment A

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON,<br><br>Plaintiff,<br><br>v.<br><br>DOE 1, an unknown individual, et al.,<br><br>Defendants. | Case No. 13-01465-JCS<br><br>AMENDED[1] [PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE |

[1] Plaintiff's *Ex Parte* Application For Leave to Take Limited Discovery Prior to a Rule 26(f) Conference, filed April 2, 2013 (Doc. 2), sought leave to serve a subpoena on "New Dream Network, LLC, on behalf of DreamHost." However, the original [Proposed] Order submitted with that *ex parte* application (Doc. 2-1), and the subsequent Order filed on April 3, 2013 (Doc. 6), contained a typographical error with respect to the name of the subpoenaed entity, listing it as "DreamHost Network, LLC, on behalf of DreamHost." Plaintiff thus respectfully requests that the Court remedy this error by granting this Amended [Proposed] Order, which is identical in substance to the Court's Order of April 3rd, other than with respect to the name of the entity to be subpoenaed.

| | | |
|---|---|---|
| Amended [Proposed] Order | 1 | DHILLON & SMITH LLP |

The Court, having reviewed Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's *Ex Parte* Application and orders as follows:

1.     IT IS HEREBY ORDERED that Plaintiff is allowed to serve immediate discovery on New Dream Network, LLC, on behalf of DreamHost, in order to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the account information for the domain name "Mungergames.net," hosted by DreamHost, and the name, addresses, telephone numbers, and email addresses of each such Defendant.

2.     IT IS FUTHER ORDERED that Plaintiff's counsel shall issue subpoena(s) in substantially the same form as the example attached as Exhibit 1 to Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3.     IT IS FURTHER ORDERED that New Dream Network, LLC, will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. New Dream Network, LLC may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.

4.     IT IS FURTHER ORDERED that each entity and person and New Dream Network, LLC, will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena,

Amended [Proposed] Order                    2.                    DHILLON & SMITH LLP

New Dream Network, LLC, shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that entity.

5. IT IS FURTHER ORDERED that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

6. IT IS FURTHER ORDERED that New Dream Network, LLC, shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that if New Dream Network, LLC, elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such recipient.

7. IT IS FURTHER ORDERED that New Dream Network, LLC, shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

8. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq, and may not be disclosed to anyone other than the parties in this action and their counsel of record pending further order of this Court.

IT IS SO ORDERED.

Date: 4/9 , 2013

Honorable Judge of the
United States District Court,
Northern District of California

Amended [Proposed] Order          3          DHILLON & SMITH LLP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-01465-JCS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0:00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

Exhibit F - Page 6

AO 88B. (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET DHILLON,<br><br>                    Plaintiff,<br><br>        v.<br><br>DOES 1 -10,<br><br>                    Defendant. | No. C 13-1465 SI<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR ORDER COMPELLING COMPLIANCE WITH SUBPOENA** |

Plaintiff Harmeet Dhillon filed an administration motion for an order compelling compliance with a Rule 45 subpoena. The subpoena was served on April 11, 2013, on a third party, New Dream Network, LLC, dba DreamHost ("New Dream Network"), and seeks the identities of the Doe defendants named in the complaint. The documents attached to plaintiff's motion show that New Dream Network was served with the subpoena at 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017, and that the subpoena directs New Dream Network to produce documents to plaintiff's counsel at 177 Post St., Suite 700, San Francisco, CA 94108. Plaintiff states that New Dream Network did not object to the subpoena and also did not produce any documents in response to the subpoena by the June 21, 2013 deadline. Plaintiff seeks an order compelling New Dream Network to comply with the subpoena.

Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). Rule 45 also imposes territorial limits upon the area in which a subpoena may be served, directing *inter alia*, that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place

**Exhibit G - Page 1**

without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." Fed. R. Civ. P. 45(b)(2). Here, the subpoena was served outside the Northern District of California and it directs New Dream Network to produce documents in San Francisco, which is more than 100 miles of the address at which New Dream Network was served. "[N]onparties cannot be required to produce documents at a location more than 100 miles from their home or business." *Nieman v. LinkedIn Corp.*, No. CV 12–80258 PSG, 2013 WL 685203, at *2 (N.D. Cal. Feb. 25, 2013); *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home."); *see also* Wright & Miller: Federal Practice & Procedure § 2454, Service of a Subpoena (2013); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:2250 (2013).

Accordingly, the subpoena is invalid and cannot be enforced by this Court. Plaintiff should seek a subpoena from the Central District of California that directs production of documents in Los Angeles. *See id.* at §§ 11:2262-11:2270. Plaintiff's administrative motion is DENIED. Docket No. 16.

**IT IS SO ORDERED.**

Dated: July 21, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2

Exhibit G -Page 2

# EXHIBIT H

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Harmeet K. Dhillon | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    13-cv-01465-JCS |
| DOE 1, an unknown individual, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of California    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  New Dream Network, LLC, dba DreamHost, c/o CT Corporation System (CO168406), 818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the domain name "Mungergames.net," hosted by DreamHost, including the names, addresses, telephone numbers, and e-mail addresses of the owner(s) of hte domain name "Mungergames.net." You are to comply with this subpoena pursuant to the terms set forth in the Amended Order attached hereto as Attachment A.

| Place: American Messenger Services, Inc.<br>205 South Broadway #925<br>Los Angeles, CA 90012 | Date and Time:<br><br>10/03/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/22/2013

**CLERK OF COURT**

                                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff Harmeet K. Dhillon
_____ , who issues or requests this subpoena, are:

Harold P. Smith; Krista L. Shoquist, Dhillon & Smith LLP, 177 Post Street, Suite 700, San Francisco, CA 94108; email kshoquist@dhillonsmith.com; Tel: 415-433-1700.

# Attachment A

Exhibit H - Page 2

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON, | Case No. 13-01465-JCS |
| Plaintiff, | AMENDED[1] [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE |
| v. | |
| DOE 1, an unknown individual, et al., | |
| Defendants. | |

[1] Plaintiff's *Ex Parte* Application For Leave to Take Limited Discovery Prior to a Rule 26(f) Conference, filed April 2, 2013 (Doc. 2), sought leave to serve a subpoena on "New Dream Network, LLC, on behalf of DreamHost." However, the original [Proposed] Order submitted with that *ex parte* application (Doc. 2-1), and the subsequent Order filed on April 3, 2013 (Doc. 6), contained a typographical error with respect to the name of the subpoenaed entity, listing it as "DreamHost Network, LLC, on behalf of DreamHost." Plaintiff thus respectfully requests that the Court remedy this error by granting this Amended [Proposed] Order, which is identical in substance to the Court's Order of April 3rd, other than with respect to the name of the entity to be subpoenaed.

Amended [Proposed] Order                  1                  DHILLON & SMITH LLP

Exhibit H - Page 3

The Court, having reviewed Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's *Ex Parte* Application and orders as follows:

1.      IT IS HEREBY ORDERED that Plaintiff is allowed to serve immediate discovery on New Dream Network, LLC, on behalf of DreamHost, in order to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the account information for the domain name "Mungergames.net," hosted by DreamHost, and the name, addresses, telephone numbers, and email addresses of each such Defendant.

2.      IT IS FUTHER ORDERED that Plaintiff's counsel shall issue subpoena(s) in substantially the same form as the example attached as Exhibit 1 to Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3.      IT IS FURTHER ORDERED that New Dream Network, LLC, will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. New Dream Network, LLC may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.

4.      IT IS FURTHER ORDERED that each entity and person and New Dream Network, LLC, will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena,

---

**Amended [Proposed] Order**          2          DHILLON & SMITH LLP

New Dream Network, LLC, shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that entity.

5.    IT IS FURTHER ORDERED that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

6.    IT IS FURTHER ORDERED that New Dream Network, LLC, shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that if New Dream Network, LLC, elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such recipient.

7.    IT IS FURTHER ORDERED that New Dream Network, LLC, shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

8.    IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq, and may not be disclosed to anyone other than the parties in this action and their counsel of record pending further order of this Court.

IT IS SO ORDERED.

Date: __4/9_____, 2013

Judge Joseph C. Spero

Honorable Judge of the
United States District Court,
Northern District of California

Amended [Proposed] Order                    3                    DHILLON & SMITH LLP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  13-cv-01465-JCS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Exhibit H - Page 6**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT I

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
PRIYA BRANDES, ESQ. (SBN: 286714)
pbrandes@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON, an individual, | Case Number: C 13-1465 SI |
| Plaintiff, | **PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY ON GOOGLE, INC. PRIOR TO A RULE 26(f) CONFERENCE** |
| v. | |
| DOE 1, an unknown individual, and DOES 2 through 10, | |
| Defendants. | |

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc.
Prior to Rule 26(f) Conference

-i-

DHILLON & SMITH LLP

Exhibit I - Page 1

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................... 1

II.   FACTUAL BACKGROUND................................................................. 2

III.  ARGUMENT........................................................................................ 4

    A. Standards for Granting Expedited Discovery............................. 4

    B. Ms. Dhillon Has Identified the Defendants

       With Sufficient Specificity...................................................... 6

    C. Ms. Dhillon Has Identified All Previous Steps Taken to

       Locate The Defendants........................................................... 6

    D. Ms. Dhillon's Suit Against Defendants Could Withstand a

       Motion to Dismiss.................................................................. 7

         i. First Amendment Rights Do Not Preclude

           Expedited Discovery...................................................... 8

         ii. Privacy Rights Do Not Preclude Expedited Discovery........ 10

    E. The Exemplary Subpoena Is Likely To Lead To Identifying

       Information That Will Permit Service of Process........................ 10

IV.   THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES... 11

V.    CONCLUSION..................................................................................... 11

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc.
Prior to Rule 26(f) Conference

DHILLON & SMITH LLP

Exhibit I - Page 2

## TABLE OF AUTHORITIES

**Cases**

*Cavalier v. Random House, Inc.*, 297 F.3d 815 (9th Cir. 2002).............................................. 7

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999)............................ 5 -7

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)........................................................... 5

*Goldberg v. Cameron*, 787 F.Supp.2d 1013 (N.D. Cal. 2011)......................................... 7

*Harper & Row Publishers, Inc., v. Nation Enterprises*, 471 U.S. 539 (1985)...................... 8-9

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012)....................................... 8

*Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295 (3d Cir. 2011)................................ 8

*Religious Technology Center v. Netcom On-Line Communication Services, Inc.*,

   923 F.Supp.1231 (N.D. Cal. 1995)............................................................................ 9

*Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002).................... 4

*Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004)............... 9

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977)...................... 5

**Statutes**

17 U.S.C. §107.......................................................................................................... 8

Fed. Rule Civ. Proc. 6................................................................................................ 1

Fed. Rule Civ. Proc. 26............................................................................................ 1, 4

Fed. Rule Civ. Proc. 45............................................................................................. 11

U.S. Constitution, at Article I, §8, Clause 8................................................................. 8

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc.
Prior to Rule 26(f) Conference

DHILLON & SMITH LLP

-iii-

Exhibit I - Page 3

## I.  INTRODUCTION

Plaintiff Harmeet K. Dhillon ("Ms. Dhillon"), by and through her attorneys, brings this Administrative Motion for Leave to Take Limited Discovery on Google, Inc. Prior to a Rule 26(f) Conference pursuant to Federal Rule of Civil Procedure 26(d) ("Administrative Motion"), on the grounds that Ms. Dhillon has made a *prima facie* showing of copyright infringement, and without the expedited discovery, Ms. Dhillon will be unable to identify the Defendants with sufficient particularity to effect service of process or to obtain redress for the infringement. The proposed subpoena to Google, Inc. ("Google") that is the subject of this Administrative Motion reflects additional information that Plaintiff has learned since she filed an Administrative Motion for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference on August 22, 2013 (Dkt. 20), and the instant proposed subpoena incorporates the content of the previously proposed subpoena to Google.

This Administrative Motion is supported by the Memorandum of Points and Authorities set forth below and the concurrently-filed Declaration of Harmeet K. Dhillon In Support of Administrative Motion ("Dhillon Declaration").

Ms. Dhillon could not obtain a stipulation for this Administrative Motion because, despite exhausting traditional avenues for identifying Defendants pre-service, she cannot identity the Defendants with whom to confer until the requested discovery takes place. Dhillon Decl., ¶12.

Rule 6(c)(1)(c) of the Federal Rules of Civil Procedure, relating to times for filing motions and setting hearings, provides that for good cause a party may apply *ex parte* for setting a different time to file a motion with respect to a hearing date. Because there is currently no Defendant in this case to oppose any motion, or upon whom to serve a copy of a motion, there would be no opposition if a noticed motion were filed instead of this administrative motion. Therefore, no briefing schedule need be set.

---

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

DHILLON & SMITH LLP

-1-

Exhibit I - Page 4

## II.   FACTUAL BACKGROUND

Ms. Dhillon is a civil litigation attorney practicing in San Francisco and an active participant in political matters in the State of California. She has run for the California State Assembly, District 13, in 2008, and for the California State Senate, District 11, in 2012. Ms. Dhillon is also an active member of the California Republican Party ("CAGOP") and currently serves as the Vice Chairman of CAGOP for the 2013-2015 term, and is the Chairman of the San Francisco Republican Party. *See* Docket 1 (Complaint).

The work at issue in this case is a headshot photograph of Ms. Dhillon taken in 2008 (the "Headshot Photograph"), in connection with her candidacy for Member of the State Assembly, District 13, which Ms. Dhillon has used in her political campaign political activities and in various professional marketing efforts, beginning in June 2008. *See* Declaration of Harmeet K. Dhillon In Support of Administrative Motion ("Dhillon Declaration"), ¶¶ 2-3. The Headshot Photograph and the copyright therein are solely owned by Ms. Dhillon, and have been since they came into existence. Dhillon Decl., ¶3. The Headshot Photograph is registered with the U.S. Copyright Office. Dhillon Decl., ¶5.

On February 12, 2013, without Ms. Dhillon's authorization or a valid license, Defendant Doe 1 anonymously published on the website www.mungergames.net ("Munger Games") an article entitled "Meet Harmeet," which featured the Headshot Photograph at the top of the article. Docket 1 (Complaint), ¶15; Dhillon Decl., ¶¶ 6-7. On information and belief, Does 2 through 10 cooperatively acted with each other and/or with Doe 1 to distribute unauthorized copies of the Headshot Photograph through the "Meet Harmeet" article. Docket 1 (Complaint), ¶16.

Upon learning of the "Meet Harmeet" article, Ms. Dhillon promptly took all reasonable steps to discover the identity of Defendants, including by requesting leave to serve, and serving, a Rule 45 subpoena on New Dream Network, LLC ("NDN"), on behalf of DreamHost, which is the web hosting provider that hosts the domain name

Plaintiff's Admin Motion for Leave                              **DHILLON & SMITH LLP**
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

-2-

Exhibit I - Page 5

Mungergames.net. Dhillon Decl., ¶8; *see also* Docket 8 (Amended Order). Production pursuant to that subpoena has not yet taken place.

Despite the diligent best efforts of Ms. Dhillon and her attorneys, Ms. Dhillon has not been able to discover the identities of Does 1 through 10, who Ms. Dhillon is informed and believes are responsible for the unauthorized copying and distribution of the Headshot Photograph. Ms. Dhillon has recently discovered two sources that are highly likely to possess information that will enable Ms. Dhillon to ascertain the identities of the Doe defendants who are responsible for illegally posting the Headshot Photograph on the Munger Games website – Google, Inc. ("Google") and individual Michael John Schroeder. On August 22, 2013, Ms. Dhillon filed an Administrative Motion For Leave to Take Discovery Prior to Rule 26(f) Conference ("Prior Administrative Motion"), seeking leave to serve subpoenas on Mr. Schroeder and Google. *See* Dkt. 20 through 22.

As the Prior Administrative Motion explains, an individual or individuals using the email address mungerwatch@gmail.com has sent to a list of undisclosed recipients several emails that provide information and updates about the Munger Games blog, including links directly to the Munger Games website at www.mungergames.net. The Prior Administrative Motion seeks leave to serve a subpoena on Google, requiring disclosure of documents sufficient to identify the account information for the email address mungerwatch@gmail.com.

Since the Prior Administrative Motion was filed last week, Ms. Dhillon has learned that a second email address, themungergames@gmail.com, is being used in apparently the same manner as mungerwatch@gmail.com – specifically, to send to a list of undisclosed recipients information and updates about the Munger Games blog, including links directly to the Munger Games website. *See* Dhillon Decl., ¶10. In light of this new information, this Administrative Motion seeks leave to serve a Rule 45 third-party subpoena to Google seeking documents sufficient to identify the account information for *both* email address –

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

DHILLON & SMITH LLP

-3-

Exhibit I - Page 6

mungerwatch@gmail.com and themungergames@gmail.com – including the name, address and phone number of the owner of these email addresses and the IP address(es) from which the users created these accounts and signed in and signed out, with dates and times.

A copy of the proposed subpoena to Google, reflecting Plaintiff's request for information pertaining to *both* email addresses, is attached to this Administrative Motion as Exhibit 1. Should the Court grant leave to serve subpoenas on Google and Schroeder, as requested in the two pending Administrative Motions, Plaintiff intends to serve only one subpoena to Google, in substantially the same form as the draft subpoena attached as Exhibit 1 to this motion. In connection with this Administrative Motion, Plaintiff will file a [Proposed] Order relating only to the subpoena to Google. For the sake of clarity, Plaintiff will file an Amended [Proposed] Order in connection with the Prior Administrative Motion, which will relate only to the subpoena to Schroeder.

### III.   ARGUMENT

#### A. Standards for Granting Expedited Discovery

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the party has conferred as required by Rule 26(f), unless such discovery is authorized by, *inter alia,* a court order. Fed. R. Civ. Proc. 26(d). Courts in this district apply the conventional "good cause" standard in determining whether expedited discovery is warranted under Rule 26(d). *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. V. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.,* 208 F.R.D. at 276. Courts have recognized that "good cause is frequently found in cases involving claims of infringement and unfair competition." *Id.*

Plaintiff's Admin Motion for Leave                                    DHILLON & SMITH LLP
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

-4-

Exhibit I - Page 7

According to the Ninth Circuit, "where the identity of alleged defendants will not be known prior to the filing of a complaint[,]…the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977) (holding that a district court does have jurisdiction to determine the facts relevant to whether or not it has *in personam* jurisdiction in a given case). The problem of the unknown defendant infringing copyrights has worsened with the growth of the Internet.  As discussed by this Court in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999),

> "With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum [sic] in which they may seek redress for grievances."

*Columbia Ins. Co*, 185 F.R.D. at 577.

In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will

---

Plaintiff's Admin Motion for Leave To Take Discovery on Google, Inc. Prior to Rule 26(f) Conference

DHILLON & SMITH LLP

-5-

Exhibit 1 - Page 8

permit service of process. *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). As discussed below, Plaintiff has "exhausted traditional avenues for identifying Defendants pre-service," meets the four good cause factors, and is therefore entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578.

**B. Ms. Dhillon Has Identified the Defendants With Sufficient Specificity**

The four-part good cause test requires a plaintiff to "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court," in order "to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins. Co, supra,* 185 F.R.D. at 578.

As abundantly established by the pleadings filed to date by Ms. Dhillon, the Doe defendants are specifically identified as individuals who anonymously posted infringing content on the Munger Games website at www.mungergames.net. Such individuals apparently include the users of email addresses mungerwatch@gmail.com and themungergames@gmail.com, as evidenced by the email blast updates about the Munger Games blog that are sent from those accounts. *See* Dhillon Decl., ¶10.

Ms. Dhillon has made a satisfactory showing that there is an actual person or persons behind the infringing acts who would be amenable to a copyright infringement suit in federal court. The Munger Games website exclusively discusses issues that relate to the California Republican Party ("CRP") and would mainly be of interest to people involved with the CRP. Therefore, it is reasonable to assume that the Doe defendants are individuals who reside in California and are subject to this Court's jurisdiction.

**C. Ms. Dhillon Has Identified All Previous Steps Taken To Locate The Defendants**

Ms. Dhillon and her attorneys have made numerous good faith efforts to specifically identify the Defendants in order to serve them with process, including by taking the following steps: 1) upon learning of the "Meet Harmeet" article on the MungerGames

Plaintiff's Admin Motion for Leave                                    DHILLON & SMITH LLP
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

-6-

Exhibit I - Page 9

website, Ms. Dhillon conducted Internet research revealing that the domain name Mungergames.net is hosted by DreamHost; 2) Ms. Dhillon contacted DreamHost by email to demand disclosure of the identity(ies) of the owners of the Mungergames.net domain name; 3) Ms. Dhillon submitted a formal notification of claimed infringement pursuant to the Digital Millennium Copyright Act. *See* Docket 2 (Ex Parte Application); Docket 3 (Dhillon Decl. ISO Ex Parte Application). Upon DreamHost's refusal to disclose the identities of the Doe Defendants, Ms. Dhillon's counsel served subpoenas on New Dream Network, LLC, on behalf of DreamHost, but no production has yet been made. Ms. Dhillon has "exhausted traditional avenues for identifying Defendants pre-service" and is entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578.

## D. Ms. Dhillon's Suit Against Defendants Could Withstand a Motion to Dismiss

Ms. Dhillon can establish that her suit against Defendants could withstand a motion to dismiss, and has clearly made "some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins. Co, supra,* 185 F.R.D. at 580. To show direct copyright infringement, a plaintiff "must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Goldberg v. Cameron,* 787 F.Supp.2d 1013 (N.D. Cal. 2011) (internal citations omitted); *Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir. 2002).

Ms. Dhillon has demonstrated that she owns the sole and valid copyright to the Headshot Photograph, including through a Copyright Transfer Agreement between herself and the creator of the photographs, and as a result of her submission of a complete copyright application with the U.S. Copyright Office. *See* Dhillon Decl., ¶¶4-5; Docket 2 (Ex Parte Application). Ms. Dhillon also has demonstrated that the Headshot Photograph, in its entirety, was copied and distributed without Ms. Dhillon's authorization or a license by

Plaintiff's Admin Motion for Leave                                    DHILLON & SMITH LLP
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

-7-

Exhibit I - Page 10

Defendants, via the Munger Games website at www.mungergames.net. *See* Dhillon Decl., ¶6-7. Accordingly, Ms. Dhillon has stated a *prima facie* case for federal copyright infringement.

### i.   First Amendment Rights Do Not Preclude Expedited Discovery

While Defendants may argue that their unauthorized use of the copyrighted Headshot Photograph is "fair use" pursuant to 17 U.S.C. §107, such an argument must fail under the facts of this case. Under the fair use doctrine, the Court considers (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. §107; *Harper & Row Publishers, Inc., v. Nation Enterprises*, 471 U.S. 539 (1985).

Even in news reporting, fair use has its bounds. For instance, "there is no general 'newsworthiness' exception... newsworthiness itself does not lead to transformation." *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012); *see also Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 307 (3d Cir. 2011) ("news reporting does not enjoy a blanket exemption from copyright. News organizations are not free to use any and all copyrighted works without the permission of the creator simply because they wish to report on the same events a work depicts"). Similarly, there is no *per se* "public interest" exception to copyright protection. *See, e.g., Harper & Row, supra*, 471 U.S. at 559 ("[i]t is fundamentally at odds with the scheme of copyright to accord lesser rights in those works that are of greatest importance to the public. Such a notion ignores the major premise of copyright and injures author and public alike"). "To negate fair use one need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work." *Id.*, 471 U.S. at 559.

The U.S. Constitution, at Article I, §8, Clause 8, empowers Congress to provide for

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

**DHILLON & SMITH LLP**

-8-

Exhibit I - Page 11

an author's exclusive rights to his work, and this grant "is intended to motivate the creative activity of authors and inventors by the provision of a special reward." *Harper & Row, supra*, 471 U.S. at 546. "Anonymous speech, like speech from identifiable sources, does not have absolute protection. The First Amendment, for example, does not protect copyright infringement [and]...[p]arties may not use the First Amendment to encroach upon the intellectual property rights of others." *Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556, 562-63 (S.D.N.Y. 2004). While a person who uses the Internet to download or distribute copyrighted works without permission may be engaging in speech, that person is engaging in speech only to a limited extent, and the First Amendment does not protect the person's identity from disclosure. *See Sony Music Entertainment Inc., supra*, 326 F.Supp.2d 556.

In light of the above authorities and the facts of this case, Defendants will not be able to establish that their unauthorized use of the Headshot Photograph was statutory fair use. Defendants copied the *entirety* of the copyrighted material and published the Headshot Photograph, in full, on the Mungergames.net website. While use of a large percentage or the "heart" of a copyrighted work does not necessarily rule out fair use, the remaining factors are not sufficiently in Defendants' favor to overcome the "amount and substantiality of portion used" fair use factor. *See, e.g., Religious Technology Center v. Netcom On-Line Communication Services, Inc.*, 923 F.Supp.1231, 1250 (N.D. Cal. 1995) ("[i]n balancing the various factors, the court finds that the [large] percentage of plaintiffs' works copied combined with the minimal added criticism or commentary negates a finding of fair use"). Defendants do not provide criticism or commentary of the copyrighted work in making unauthorized use of the Headshot Photograph. The argument that the content of the underlying "Meet Harmeet" article may have minimal public interest is not relevant to fair use of the photograph itself, and moreover, there is no *per se* "public interest" exception to copyright protection. *See Harper & Row, supra*, 471 U.S. at 559. Finally, if Defendants

Plaintiff's Admin Motion for Leave To Take Discovery on Google, Inc. Prior to Rule 26(f) Conference

DHILLON & SMITH LLP

-9-

Exhibit I - Page 12

continue to use, copy and distribute the Headshot, it could have a deleterious effect on the value of and the market for the license to use the Headshot Photograph. Dhillon Decl., ¶11. Accordingly, Defendants' use of the Headshot Photograph is not fair use and does not subject this action to a motion to dismiss on that ground.

### ii. Privacy Rights Do Not Preclude Expedited Discovery

Ms. Dhillon is also entitled to discovery in light of defendants' minimal expectation of privacy in distributing copyrighted photographs, including the Headshot Photograph, without permission. *See Sony Music Entertainment Inc., supra,* 326 F.Supp.2d 556. Moreover, Google's "Transparency Report – User Data Requests," which is publicly available on its website at http://www.google.com/transparencyreport/userdatarequests/legalprocess/, puts users on notice that "a valid subpoena for your Gmail address could compel us to disclose the name that you listed when creating the account, and the IP addresses from which you created the account and signed in and signed out (with dates and times)," in both civil and criminal cases. Accordingly, Gmail users are well aware of the minimal expectation of privacy in the information linking them to their Gmail addresses. Google's attorneys even argue this in Court. Defendants' purported First Amendment rights must yield to plaintiffs' right to use the judicial process to pursue a meritorious copyright infringement claim.

### E. The Exemplary Subpoena Is Likely To Lead to Identifying Information That Will Permit Service of Process

Ms. Dhillon requests that the Court issue an order allowing her to immediately serve (i.e., before a Rule 26(f) conference) a subpoena on Google, in substantially the same form as the example attached hereto as Exhibit 1. The information sought by the subpoena will be sufficient to enable Ms. Dhillon to identify the Doe Defendants and facilitate service of process, and will allow her to pursue this action for copyright infringement. Judges of this District have issued similar orders in similar cases. *See, e.g.,* Judge Joseph C. Spero,

Plaintiff's Admin Motion for Leave
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

DHILLON & SMITH LLP

-10-

Exhibit I - Page 13

Case No. CV10-05885-JCS; Magistrate Judge Maria-Elena James, Case No. C10-04471-MEJ; Magistrate Judge Laurel Beeler, Case No. C10-04468-LB.

## IV.    THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES

The subpoena to be issued will be only for production of documents and records. No appearance at a deposition will be required. Rule 45(b)(1) provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, *if the person's attendance is commanded*, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed.R.Civ.Proc. 45(b)(1) (emphasis added). Rule 45(c)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, *need not appear at the place of production or inspection unless also commanded to appear for a deposition*, hearing, or trial." Fed.R.Civ.Proc. 45(c)(2)(A) (emphasis added).

To avoid confusion in the event that Google, Inc. insists upon advance payment of witness and mileage fees, Ms. Dhillon requests that the Court's order specify that witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply. The Proposed Order includes provisions in this regard.

## V.    CONCLUSION

In light of the foregoing, Ms. Dhillon respectfully requests that this Administrative Motion be granted, and that the Court enter an order substantially in the form of the Proposed Order filed concurrently herewith.

Date: August 26, 2013                    DHILLON & SMITH LLP


                                     By:
                                         /s/ Krista L. Shoquist
                                         HAROLD P. SMITH
                                         KRISTA L. DHILLON
                                         Attorneys for Plaintiff
                                         Harmeet K. Dhillon

Plaintiff's Admin Motion for Leave                                   DHILLON & SMITH LLP
To Take Discovery on Google, Inc. Prior to Rule
26(f) Conference

-11-

Exhibit I - Page 14

# Exhibit 1

To Plaintiff's Administrative Motion for Leave to Take Limited Discovery
on Google, Inc. Prior to a Rule 26(f) Conference

Exhibit I - Page 15

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Harmeet K. Dhillon <br> *Plaintiff* <br> v. <br> DOE 1, an unknown individual, et a. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 13-cv-01465-SI <br><br> (If the action is pending in another district, state where: <br> Northern District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste 150N, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the email addresses "themungergames@gmail.com" and "mungerwatch@gmail.com," including the name, address and phone number of the owner(s) of these email addresses, and the IP address(es) from which the user(s) created the accounts and signed in and signed out, with dates and times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: [within the Eastern District of California] | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Harmeet K. Dhillon
_____ , who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, Dhillon & Smith LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email: kshoquist@dhillonsmith.com; Tel: 415-433-1700.

Exhibit I - Page 16

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  13-cv-01465-SI

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____  .

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____  ; or

    ☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Exhibit I - Page 17**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit I - Page 18**

# EXHIBIT J

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
PRIYA BRANDES, ESQ. (SBN: 286714)
pbrandes@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| HARMEET K. DHILLON, an individual, | Case Number: |
|---|---|
| Plaintiff, | **AMENDED [PROPOSED] ORDER GRANTING PLAINTIFF'S** |
| v. | **ADMINISTRATIVE MOTION FOR LEAVE TO TAKE LIMITED** |
| DOE 1, an unknown individual, and DOES 2 through 10, | **DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE** |
| Defendants. | |

The Court, having reviewed Plaintiff's Administrative Motion for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's Administrative Motion and orders as follows:

Amended [Proposed] Order            1            DHILLON & SMITH LLP

1.    **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on Michael John Schroeder ("Schroeder") in order to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena on Google that seeks documents sufficient to identify any individual(s) responsible for posting the "Meet Harmeet" blog at www.mungergames.net on February 12, 2013, including the name, address, phone number and email address of any such individual, and any communication between Schroeder and any such individual concerning the "Meet Harmeet" post, from February 12, 2013 to present.

2.    **IT IS FUTHER ORDERED** that Plaintiff's counsel shall issue a subpoena in substantially the same form as the example attached as Exhibit 2 to Plaintiff's Administrative Motion for Leave to Take Limited Discovery Prior to a Rule 26 Conference (Dkt. 20), with the subpoena including a copy of this Order.

3.    **IT IS FURTHER ORDERED** that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

4.    **IT IS FURTHER ORDERED** that Schroeder shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that if Schroeder elects to charge for the costs of production, Schroeder shall provide to Plaintiff a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by Schroeder.

5.    **IT IS FURTHER ORDERED** that Schroeder shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

Amended [Proposed] Order          2          DHILLON & SMITH LLP

6.     IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

**IT IS SO ORDERED.**

Date: _____, 2013

_____
Honorable Judge of the
United States District Court,
Northern District of California

---

Amended [Proposed] Order                3                DHILLON & SMITH LLP

# EXHIBIT K

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Road
Malibu, CA 90265-3042
Tel: (310) 317-4466
Fax: (310) 317-4499
joel@voelzke.com

July 18, 2013

VIA EMAIL pmsith@dhillonsmith.com WITH ORIGINAL BY MAIL

Harold P. Smith
DHILLON & SMITH LLP
177 Post Street, STE 700
San Francisco, CA 94108

> Re:  *Harmeet K. Dhillon v. Doe 1 et al.*
> Case No. 13-cv-01465-SI (N.D. Cal.)
> Subpoena to New Dream Network, LLC re: Mungergames.net
> Our Ref. 109-106

> Subject: Motion to Enforce Subpoena; Anticipated Motion to Quash Subpoena

Dear Mr. Smith:

I am counsel to New Dream Network, LLC ("NDN"). Please direct all communication regarding this matter to me.

It has come to my attention that on July 2, 2013 you filed an "Administrative Motion for Order Compelling Compliance with Subpoena Pursuant to Local Rule 7-11" in the above-identified case, seeking an order against NDN compelling compliance with your subpoena. My client has not advised me that it is aware of having been served with that motion, and as far as I can see from reviewing the court record, you did not file a proof of service with the court.

Questions regarding whether a LR 7-11 Administrative Motion without notice is appropriate for such a motion aside, counsel for the ostensible DOE defendant contacted me and advised me that he intends to file a motion to quash the subpoena within the next approximately ten (10) days. I suggest that we all "stand down" for now while DOE prepares and files that motion.

It is my understanding that Ms. Dhillon recently went back to the photographer of the 2008 publicity photograph of her and purchased the copyright in that photograph in order to give her a basis for filing the instant copyright infringement lawsuit. In this lawsuit Ms. Dhillon seeks to unmask the anonymous website author who used that photograph in conjunction with an Internet posting that criticized Ms. Dhillon's political activities. Additionally, she seeks $250 as a fair licensing fee for the photograph at issue, and a permanent injunction against future use of that photograph. Ms. Dhillon appears to have paid $350 in filing fees in order to pursue $250 in monetary relief.

**Exhibit K - Page 1**

Harold P. Smith, Esq.
July 18, 2013
Page 2

As far as I can determine the photograph at issue is not currently posted at the website at mungergames.net, and I believe that the photograph has not been posted at that website for quite some time. Ms. Dhillon's ability to license that photograph of herself and exploit its full commercial value is therefore not currently being compromised, and Ms. Dhillon is not suffering any ongoing injury from unauthorized use of that photograph. Accordingly, there are no exigent circumstances that would justify refusing to give DOE ten more days to move to quash the subpoena, particularly in view of the serious First Amendment and related concerns that your lawsuit and your subpoena raise.

Please let me know whether you agree to the proposed stand-down.

Very truly yours,

Joel Voelzke

JDV:me
cc:     counsel for DOE

# EXHIBIT L



KSHOQUIST@DHILLONSMITH.COM

July 19, 2013

**VIA EMAIL AND U.S. MAIL**

Intellectual Property Law Offices of Joel Voelzke, APC
24772 W. Saddle Peak Road
Malibu, CA 90265-3042
Tel: 310-317-4466
Fax: 310-317-4499
joel@voelzke.com

> Re:   *Harmeet K. Dhillon v. Doe 1 et al.*
> **Case No. 13-cv-01465-SI (N.D. Cal.)**
> **Subpoena to New Dream Network, LLC re: Mungergames.net**

Dear Mr. Voelzke:

This correspondence responds to your letter dated July 18, 2013, captioned "Motion to Enforce Subpoena; Anticipated Motion to Quash Subpoena," on behalf of your client, New Dream Network, LLC ("NDN"). Several of the assumptions set forth in your letter are inaccurate, but we will not address them in this correspondence because they are irrelevant to whether NDN must comply with the subpoena. NDN has been properly served with a Court-approved subpoena and we expect and will insist upon compliance. We are happy to discuss a reasonable resolution of this case with the appropriate DOE defendant(s) or their counsel, should you wish to put us in touch with them.

Best regards,

Krista L. Shoquist

Exhibit L - Page 1

PROOF OF SERVICE

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

CASE NAME: **HARMEET K. DHILLON v. DOE 1**

The undersigned declares: I am a resident of the United States and am employed in the City and County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 10866 Wilshire Boulevard, Suite 400, Los Angeles, California 90024.

On September 20, 2013, I served the following documents:

1. **NOTICE OF MOTION AND MOTION BY DEFENDANT DOE 1 TO QUASH SUBPOENA ISSUED IN CENTRAL DISTRICT OF CALIFORNIA TO NEW DREAM NETWORK, LLC**

2. **DECLARATION OF RICK A. CIGEL IN SUPPORT OF MOTION BY DEFENDANT DOE 1 TO QUASH SUBPOENA ISSUED IN CENTRAL DISTRICT OF CALIFORNIA TO NEW DREAM NETWORK, LLC**

3. **CIVIL CASE COVER SHEET**

4. **CERTIFICATE OF INTERESTED PARTIES**

By serving in the manner described below to the interested parties herein and addressed to:

Harold P. Smith
Krista L. Shoquist
Dhillon & Smith, LLP
177 Post Street, Suite 700
San Francisco, CA 94108

*Attorneys for Dhillon*

Joel Voelzke
Intellectual Property Law Office of Joel Voelzke
24772 W. Saddle Peak Road
Malibu, CA 90265-3042

*Attorney for New Dream Network*

[X] **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

[X] **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 20, 2013 at Los Angeles, California.

Wanda Taylor

1
Proof of Service