HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON,<br><br>Plaintiff,<br><br>v.<br><br>DOE 1, et al.,<br><br>Defendants. | Case No. CV 13-7003-JFW (MANx)<br><br>**DECLARATION OF KRISTA L. SHOQUIST IN SUPPORT OF OPPOSITION TO MOTION BY DEFENDANT DOE 1 TO QUASH SUBPOENA ISSUED IN CENTRAL DISTRICT OF CALIFORNIA TO NEW DREAM NETWORK, LLC**<br><br>(Action pending in the Northern District of California: Case No. 13-cv-01465-JCS) |

I, Krista L. Shoquist, declare:

1. I am an attorney of record for the Plaintiff in the above-captioned action, pending in the Northern District of California. I am an attorney at law duly

Declaration of Krista L. Shoquist                    DHILLON & SMITH LLP

-1-

admitted to practice before the Courts of the State of California.  I have personal knowledge of the matter set forth herein and if called as a witness could and would competently testify thereto.  As to those matter stated on information and belief, I believe them to be true.

2.      On April 2, 2013, I filed on behalf of Plaintiff a complaint for statutory copyright infringement against anonymous Doe defendants in the United States District Court, Northern District of California, Case No. 13-1465 ("Northern District Action"). The same day, I filed an Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference (the "Ex Parte Application"), on the grounds that the Defendants' identities could not be ascertained without resort to third party sources of information, including New Dream Network, LLC ("NDN"), which I am informed and believe is the web hosting provider that hosts the Munger Games website. Attached to this declaration as Exhibit A is a true and correct copy of the Ex Parte Application.

3.      The Northern District court granted the Ex Parte Application. On July 22, 2013, I served on behalf of Plaintiff a Rule 45 subpoena on NDN. A true and correct copy of that subpoena is attached hereto as Exhibit B.

4.      Counsel for Doe 1 never reached out to Plaintiff's counsel to discuss the July 22nd subpoena. Rather, NDN's counsel sent a letter to Plaintiff's counsel on July 18, 2013, in connection with a then-pending motion in the Northern District action to compel compliance with a subpoena Plaintiff had issued to NDN on April 11, 2013, and stating simply that "counsel for the ostensible DOE defendant contacted me and advised me that he intends to file a motion to quash the subpoena within the next approximately ten (10) days. I suggest that we 'stand down' for now while DOE prepares and files that motion." This letter did not

---

Declaration of Krista L. Shoquist                                    DHILLON & SMITH LLP

identify counsel for "DOE" or discuss the alleged motion to quash in any detail. A true and correct copy of this letter is attached hereto as Exhibit C.

5. I responded to the July 18th letter on the next day, stating that I was "happy to discuss a reasonable resolution of this case with the appropriate DOE defendant(s) or their counsel, should you wish to put us in touch with them." I received no response to this letter from either counsel for NDN or counsel for the ostensible DOE. A true and correct copy of this letter is attached hereto as Exhibit D.

6. Plaintiff's counsel received no communication concerning the July 22nd subpoena to NDN, either by phone, email, fax or in person, from either counsel for NDN or Rick Cigel, counsel for Doe 1, until after the Motion to Quash was filed on September 20, 2013.

7. In the afternoon of September 25, 2013, I first received notice that counsel for Doe 1 had opened the instant action in this Court and had filed a Motion to Quash the Subpoena. Later that afternoon, my office received by mail hard copies of the Motion to Quash documents, which indicated that they had been served by mail on September 20, 2013.

8. On September 24, 2013, four days after filing the Motion to Quash, counsel for Doe 1, Rick Cigel, contacted me concerning a separate matter; namely, his representation of Michael J. Schroeder, another individual Plaintiff seeks to subpoena, in connection with the Northern District Action. Mr. Cigel made no mention of this Motion to Quash at that time.

9. Attached as Exhibit E is a true and correct copy of an article posted online by the Sacramento Bee on September 19, 2013, entitled "FPPC approves new rules for political bloggers."

---

Declaration of Krista L. Shoquist                    DHILLON & SMITH LLP

I declare under penalty of perjury that the foregoing is true and correct under the laws of the state of California, except for those matters stated on information and belief and I believe those matters to be true.

Date: October 15, 2013

_____/s/ Krista L. Shoquist
Krista L. Shoquist

Declaration of Krista L. Shoquist                    DHILLON & SMITH LLP

-4-